May it please the court I am Barry Derryberry present for the appellant Mr. Duran. This presents an ACCA case in the posture of a section 2255 motion and there has been a lot of case law that's developed since the principal briefs were filed in this case at the end of last year. But we did manage to get Snyder in there which I think is the parties at least seem to think that Snyder is applicable to this even though procedurally it was addressing you know threshold issues about viability of filing a motion at all and it being recognized versus dismissed for want of jurisdiction. But I think Snyder informs us as to the threshold issue as to timeliness as well as evaluating the merits. Well and looking at Snyder I mean can't we do the same thing that happened in Snyder which is here the sentencing court could have looked at the PSR to ascertain the actual conduct because that's what sentencing courts were doing back then in the relevant legal environment background legal environment or whatever the phrase is. And if you look at the PSR it's very clear that there was there were actual individuals who were threatened by your client. Why isn't that the end of the analysis here. Because Snyder makes it very clear that the facts that were reported in the PSR in the district court in Snyder were based on information that was derived from Shepard documents and there's several cases from this court that say that reliance on a PSR is certainly fine if it is relied reliance upon Shepard documents. Well Shepard was 2005 right? I think so. When are we talking about? 2009. Okay. The sentencing here is 2009. Okay. Toward the very end. So the PSR wouldn't have been the court wouldn't have been allowed to look at the PSR as your position. Not as to this issue. Yeah I think there's several cases in addition to Snyder that stand for that point. So following Snyder I think that the first thing of course we don't have a district court record on this and this is you talked about de novo review this court really is doing de novo review for the first time of this and the first question is whether the record is silent. District court record is silent at the time of sentencing about what clause was instrumental and it certainly is. And so then Snyder says that then you should look if there's nothing in the record to give you guidance then you look at the state of the law the background snapshot of background law at the time. That's construed in light of the record also. I think Snyder makes clear. And so I rely very heavily on the Supreme Court James case which I think the year prior to the sentencing in my case James had held that attempted burglary qualifies under the residual clause with focus on the potential for confrontation when that would be burglar is perhaps confronted by the person that owns the place that's the building to be burgled. Then the fight is on. So it encompasses what may happen beyond the literal elements it's that the crime may directly cause an escalation of violence and that's the essence of James. Not only was it available at the time of sentencing but my brief has cited this U.S. versus Koblenz case. It's an unpublished 10th Circuit case from 2008. It's actually the year after James and albeit it's unpublished and it's an Anders brief there's a discussion about whether an Indiana conviction for robbery is a crime of violence for purposes of is there an arguable issue. Citing James the court concludes that it qualifies under the residual clause. So there's very clear indication as well I don't think we can forget Snyder doesn't do this much I don't think but I don't think we can forget that it's part of the program to naturally begin with the language of the residual clause and looking at the statute that is operative in the state conviction. When you look at the Oklahoma statute on the options of what constitutes fear of injury and getting into injury of property I think there would have been a great question about just where it fits in our different categories that we have available. Which I think would cause the court to say the easy as Judge Kern and Tulsa said in one case the lowest hanging fruit it's easy to get to the residual clause and I think that we can prove more likely than not which incidentally I do acknowledge I have a preponderance burden under current case law. It's the path of least resistance very evidently. It doesn't look like the district court put the burden on you at this stage. It seems to me the court said record silent the defendants met its burden. Would you read the district court opinion that way? I don't know. We were wrestling about what the level was because I think that the government in its typical briefing was saying that the appellate had to or movement had to show actual reliance and we were really fussing about that. I don't know that the district court didn't think I had some burden. But the way that the district court lacking guidance from this court at that point in time the way the district court addressed it is to say I'm going to move to I'm going to go through all the provisions I'm basically going to see if it's harmless. So if it sticks under the element clause then it would be harmless error. So he just kind of moved he started with that in his analysis. So moving to the question of harmlessness assuming we agree with you that you've met your burden of more likely than not. The government argues that you can look at two prongs of the ACCA combined kind of a extension of a decision in Castillo. What's your response to that? Yeah I think that we should be very cautious about following a case that construes the sentencing guidelines which Castillo does and imprinting that analysis on analysis of the ACCA. In Castillo there is a single paragraph that says that the qualifying prior conviction just needs to be any crime that is and then it just proceeds through a very long list of enumerated provisions that's unique to 2L1.2. And so the Castillo court said that if we can use more than one of those we are free to do so. There's no reason not to be able to do that. Well and some of the reasoning there was the whole purpose of the sentencing guidelines is to level the playing field. So if you have a state that has kind of an odd configuration in their criminal law that encompasses both robbery and extortion in one statute as opposed to the majority do it in two. It didn't make a lot of sense to treat them differently for sentencing purposes. How does that rationale apply here? Does it help you or hurt you? I don't know that it applies yet because since we're dealing with a statute we have to begin with the plain language. And so there's a section in my brief that just comes right at the meaning of or. And case law that says or does not mean and. That very first principle. Sometimes it means and. Which my brief addresses that too. There's a little bit of Supreme Court treatment of that. So I've acknowledged that. So we've got some tensor case law that says normally it means or. Which I think we have. Normally or means or. Sometimes it means and. But then I think that begins to present an ambiguity if we don't know which it is. These statutes need to be clear enough to give notice to people like Mr. Duran in 2009. So we end up in ambiguity land I believe. If we open the door to that or means and. So moving beyond that aspect. The over breadth argument that I've got that looks at whether or not the threat of injury to property is present. That's relevant to extortion in this crime. I do recognize that I was relying on the logic in this Perez Vargas case. That this court in recent months has said is essentially abrogated by the Supreme Court. Where the Supreme Court has told us that knowing or intentional causation of bodily injury necessarily involves use of physical force. So are you conceding that the scope of generic extortion is coextensive with extortion here? No, I am not conceding that. Because there's a distinction that I see. So I was just kind of setting up what those cases were talking about. They're talking about a robber threatening or using force on a victim. Which is immediate presence and the notion that, well, that robber can somehow do something to cause indirect force. And I think the theme of those cases, the Perez Vargas and the argument that was being made on Taveras. Is that their indirect force is not adequate to be the force that we're looking for. And that is not the argument that I'm making. What we have here is focusing on causing property to be unlawfully damaged. And that is not a situation akin to the robbery situation that on Taveras would apply to. Where you have the robber, the victim. I may use this indirect force on you, but it's still the robber on the victim. Here this is property that may not even be present. And it's very, very broad to imagine what can fit in this crime when somebody can say, I can cause force to result in injury. Because it's not requiring force against the property. It's fear of unlawful injury to property. So I see it as a different kind of crime because of the nature of property versus violence to the person. And I struggled with a tow truck type of thing. If somebody says, I'll extort you and make you pay too much or else I won't tow your car and it's going to get hit. But it has to be unlawful damaged property. So forget that, I now realize. That's a bad example. But that's the distinction that I'm making. Okay. You're at two minutes. Yeah, with that I think I'll reserve the remainder. Good morning. May it please the court. My name is Lena Alam. I represent the United States in this matter. I'd like to begin, while it's fresh in my memory, by addressing the fear of injury extortion issue. The focus, I think, in Mr. Derryberry's brief on whether fear of injury involves force is a red herring. Because to the extent that the court accepts that we can look at two separate sections, the elements clause for the robbery and the enumerated offense of extortion, extortion, generic extortion, as defined in Castillo, is defined as the taking of property or a thing of value from an individual by consent induced by unlawful use of force, fear, or threats. And that fear, also as defined in Castillo, says fear of injury to person or property. Now that is identical to the language described in the Oklahoma statutes, fear of injury to person or property. So the issue of whether there's a threat of force to property simply doesn't apply if we accept that extortion can be considered as one of those offenses. Continuing to go sort of in reverse order, that also goes to whether this court can consider two separate sections of the definition of violent felony in the ACCA in holding that robbery now constitutes a violent felony. And in Castillo in particular, they discuss that the formality of what a particular state calls an offense is not as important as what the substance of the offense is. And that makes sense when you're talking about a list of generic, a list of crimes, right? But this, you're asking us to go beyond what happened in Castillo and to actually say, well, we're going to break it up and put part of it over here in the force clause and then we're going to put part of it in the enumerated offenses clause. What from the language tells you that we can do that? To the extent that robbery, that Oklahoma robbery contains multiple offenses. The fact that Oklahoma has combined what Congress would call a force offense clause or an elements offense clause and enumerated extortion shouldn't dictate what constitutes a violent felony within the definition of the ACCA. As Mathis sort of recognizes, what the state courts call or what the state legislatures call their offenses and how they choose to group them, that formality should not dictate what this court and how Congress defines the offenses that qualify as violent felonies. If both of the offenses contained within Oklahoma robbery qualify as violent felonies, then it's immaterial which section of the federal violent felony definition they fall under. I don't have any authority for that proposition. No, it's an extension of Castillo. Which obviously is similar. It's an extension of Castillo and it sort of adopts the ethos of Mathis, so to say. I'd like to now flip all the way back to the beginning. As the court recognizes, the law has changed substantially since we filed our briefs in this case. And I filed a couple of 28Js on Lewis and Driscoll. Snyder was, of course, in our briefs. The key, I think, and I heard Barry say it too, is the burden is on the defendant to prove that the sentencing court more likely than not enhanced his sentence based on the residual clause of the ACCA. Here, the district court observed that on page 126 of volume 1 of the record, that he was not required to find at sentencing which clause this robbery fell under. He also does say in the footnote at the bottom of that page that if the record is silent, that the defendant need not show that the residual clause was used. However, here there's no argument that the sentencing record was silent. This court may then look to the relevant background legal environment to determine what occurred. In passing, I want to note that Judge McHugh is correct that the PSR here explains that each of these offenses would have qualified as a robbery by fear of injury to person. That's at page 91 and 92 of volume 1 of the record. At page 9, I believe, of volume 2 of the record is, I'm sorry, that's the PSR, is page 2 of volume 9. Page 91 and 92 of volume 1 is the underlying state court information charging each of these robbery counts. And if you look at those two things side by side, it's quite clear that the information in the PSR is based on the information in that charging document. Was the information provided to the sentencing court? I thought it was not. I don't know if it was because no objection was raised to the use of these robberies. And that goes to my point about the relevant background legal environment. Here, in 2009, which was before Curtis Johnson 2010 was decided. But after Shepard. After Shepard. In 2010, or in 2009 rather, there was no question in anyone's mind that robbery by force or fear qualified as an elements clause offense. That's why there was no objection. That's why the court was not required to find, to look to the Shepard documents. Because everyone knew before it became an issue of violent force or the type of force, robbery by force or fear was going to be, in every case, a violent felony under the elements clause. That said, and I probably should have started with, in my brief at pages 12 and 13, I believe, and in my Lewis 28-J, I say that it was plain that robbery by force or fear was an elements clause violent felony in 2009. Unfortunately, the cases that I cite, and it's a C-cite, it probably should have been a CF-cite, are Gilbert and Sanders. Both of those cases discussed 791, but were actually decided one involved three armed robberies, and one involved robbery with a dangerous weapon. Which obviously is different, right? It is different. If it's an armed robbery, I think we can all agree we're dealing with a violent felony. Absolutely. And that is the reason that I want to draw that to your attention, though. I have spent countless hours and maybe weeks looking for a pre-2009 case that discusses 791 robbery and whether it qualifies as an elements clause felony. And the fact is, at least in my research, it doesn't exist. And the reason I posit that it doesn't exist is this was not an issue in 2009. And if you look, the best legal authority I can give you for that sort of practical argument is footnote four in Driscoll. Where in Driscoll, the district court found that even though the record from the, I believe, 2006-2005 sentencing was silent, the 2016 court, considering the issue in Driscoll, found that it had relied on burglary as an enumerated offense. And in footnote four, the Driscoll court held, that's ridiculous because it was clear by the time of sentencing in 2005 from the relevant background environment that there was a real debate and that some burglaries qualified under the enumerated offense clause and others did not. And there is a wealth of case law discussing burglary as early as 2005. The converse is true here. There is no law discussing whether robbery qualifies as a violent felony really under any clause and certainly not distinguishing between whether it qualifies under the residual clause or the enumerated offense clause. And that's because it just wasn't an issue. And for that reason, even though the district court record is silent here, the burden is still on the defendant to prove by a preponderance of the evidence that it was more likely than not that the sentencing court relied on the residual clause. In light of the entire absence of any law suggesting that the residual clause was used to call robbery by force or fear a violent felony under the ACCA, the defendant simply can't meet that burden. So you're basically saying, sorry, in the absence of law, you can't show a preponderance. It's just impossible. Yes, and there's a Seventh Circuit case cited in my brief that talks about the burden to the defendant in a 2255. And it has language to the effect of, and where the record is silent, that burden makes a difference. And I think that applies both to the record, as in the record of this case, which is silent, but also to the absence of any law suggesting one way or the other which clause was used. In the absence of either facts or law suggesting that the defendant here was sentenced under the residual clause, the defendant simply cannot meet his burden at the first step of Johnson. And therefore, this court need not move to the harmless error stage that we've discussed. Of course, for the reasons that I've posited, we believe that we prevail under that as well. The defendant argues that when the law is silent, where you have a silent record and you have silent law, that it's reasonable to assume that the sentencing court would have taken the path of least resistance, which is that the residual clause was kind of a catch-all basket that you could just throw things in easily without much analysis, which is probably what was wrong with it, and that we should therefore, it's more likely to assume that that's what happened. How do you respond to that? I think Driscoll sort of suggests otherwise, and really the body of law on burglary. The hoops that the courts went through to try to prove that a given state's burglary statute qualified under the enumerated offense clause and only turned to the residual clause as an alternative in the last case, I think demonstrates that really what happened here was the residual clause was not used unless one of the other clauses could not be used. That's why it was an otherwise clause. Here, there was no suggestion that the district court rejected both the forced clause and the enumerated offense clause and went on. In the cases that, if you look at the other cases that this court has addressed here, and granted they're all burglary cases, Lewis, Driscoll, Snyder, if you look at the district court records in burglary cases, there's a lot of discussion about, well, can it qualify here? If not, maybe the residual clause. The practice of the courts, and as a trial lawyer back then, was the residual clause was only resorted to if you could not prove through documents or the PSR or the Shepard documents that the offenses qualified under one of the preferable sections of the violent felony definition. And because we can't go back in time and submit those Shepard documents to the court where there was no objection raised by the defendant, it's safe for the court to say that if the defendant had some belief that this offense did not qualify under the force or under the elements clause, he would have raised an objection, just like the defendants did in all of those burglary cases because burglary was an issue and robbery was not. I see that my time is almost up. Unless the court has any further questions, I would cede the rest of my time. There don't appear to be any. Thank you. Thank you. Taking up the issue about the state of the law at the time of sentencing, I have in my hand a PSR which on page 7, paragraph 23, is supporting the recommendation of ACCA sentencing because the defendant has six convictions of robbery by fear and one conviction of attempted robbery by fear. And sometimes I think in some discussions, robbery by force or robbery by force and fear has sort of been injected, I think, inadvertently. Robbery by force is not on the map here at all. I certainly also don't think whether it's robbery by whatever, the answer to what's the law at the time of sentencing is answered by musing about what everyone knew, what was sort of a no-brainer or, you know, that kind of approach isn't really going to fly. I mean, we're looking at the law, looking at the residual clause and any other applicable clauses in the state statute. So I would think it's reasonable to think that if somebody was in our arena in 2009 and was told, well, there's a conviction of robbery by fear, you think that's a crime of violence, they'd say, fear's a different one. I think we all know what robbery by force is, but fear of what? Go look at a statute, fear of injury to property. It's like, oh, not so sure. There's a threat of injury to a person there. And then extortion was not even really thought of. Hey, let's turn to extortion. Now, looking at this time of the sentencing historicity of the law, I want to point out Castillo was not on the books then either, so that was not part of the thinking. That comes into the merits component of our analysis. Thank you. Thank you. Thank you, counsel. We will take this under advisement.